IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| SKIP NALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MACKENZIE COLLIER INTERIORS, LLC )<br>)<br>Defendant. )<br>) | CIVIL ACTION FILE NO.:<br>2:19-cv-01186-SRB |

**PLAINTIFF'S RESPONSE TO
ORDER TO SHOW CAUSE**

Plaintiff Skip Nall ("Plaintiff"), via counsel, respectfully responds to the Court's order to show cause, dated May 31, 2019 [Dkt. #25] as follows:

1. The Court has asked Plaintiff's counsel, Richard Liebowitz, to show cause why his *pro hac vice* status should not be revoked, primarily based on the assertion that Mr. Liebowitz did not telephonically appear for the Rule 16 conference scheduled for May 28, 2019.

2. Mr. Liebowitz did, in fact, appear for the teleconference scheduled for May 28, 2019. However, due to technical difficulties, he called the number provided several minutes late. Upon reaching the Clerk, the Clerk refused to transfer his call to the Court on grounds that the conference had already begun. Plaintiff respectfully submits that counsel's slightly delayed appearance for a scheduled conference is not appropriate grounds to deprive Plaintiff of his constitutional right to be represented by counsel of his choosing. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 156, 126 S. Ct. 2557, 2568, 165 L. Ed. 2d 409 (2006) ("the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment") (citation omitted).

3.    Further, with respect to the other incidents of technical non-compliance cited by the Court, such administrative oversight does not justify the harsh remedy of revocation. "Revocation of an attorney's pro hac vice admission is a harsh sanction. As a result, it should be exercised sparingly and only in particularly egregious cases." *See In re Davis*, No. CA 11-07525-DD, 2012 WL 3782548, at *1 (Bankr. D.S.C. Aug. 30, 2012); citing *Mruz v. Caring, Inc.*, 166 F.Supp.2d 61, 70 (D.N.J.2001) ("While it is indeed true that admission *pro hac vice* is a privilege, not a right, ... revocation of that privilege, once bestowed, sends a strong message which works a lasting hardship on an attorney's reputation.").

4.    Further, as a matter of well-established jurisprudence, the "court should decide a controversy on its merits whenever possible." *Frutiger v. Hamilton Cent. Sch. Dist.*, No. 90-CV-303, 1993 WL 358480, at *5 (N.D.N.Y. Sept. 9, 1993), *dismissed sub nom. Frutiger v. Hamilton Cent.*, 28 F.3d 102 (2d Cir. 1994). Indeed, "there is a preference in the Federal Courts to decide cases on their merits, rather than on technical or procedural grounds." *Camp v. Colvin*, No. 14-CV-6143T, 2014 WL 6474630, at *2 (W.D.N.Y. Nov. 19, 2014); *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible.").

5.    The Court should recognize that for any out-of-state attorney, there is a steep learning curve involved in acclimating to the voluminous local rules and standing orders of any given district court. Mr. Liebowitz has made a good faith effort to comply with the Local Rules and shall continue to do so throughout the pendency of this case. Accordingly, Plaintiff respectfully requests that the Court decline to revoke Mr. Liebowitz's pro hac status.

Dated: June 6, 2019
     Valley Stream, NY

Respectfully Submitted:

/s/richardpliebowitz/
Richard P. Liebowitz
(Admitted Pro Hac Vice)
 Liebowitz Law Firm PLLC
11 Sunrise Plz., Ste. 305
Valley Stream, NY 11580
516-233-1660
Fax: 516-612-2740
RL@LiebowitzLawFirm.com

*Counsel for Plaintiff*